1  Douglas H. Morseburg (SBN 126205)
   dmorseburg@leechtishman.com
2  Robert Schroeder (SBN 73913)
   rschroeder@leechtishman.com
3  **LEECH TISHMAN FUSCALDO & LAMPL**
   633 W. Fifth Street, 48th Floor
4  Los Angeles, California 90071
   Telephone: (626) 796-4000
5  Facsimile: (626) 795-6321

6  Attorneys for Plaintiff American Latex Corp.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN LATEX CORP., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CALIFORNIA EXOTIC NOVELTIES, LLC, a California limited liability company; CALEXOTICS, a business entity form unknown; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:17-cv-2513<br><br>**COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 8,747,337**<br><br>**AND**<br><br>**REQUEST FOR JURY TRIAL** |

For its complaint against California Exotic Novelties, LLC, CalExotics and DOES 1 through 10, inclusive, Plaintiff American Latex Corp., by and through its attorneys Leech Tishman Fuscaldo & Lampl, alleges as follows:

## THE PARTIES

1. Plaintiff American Latex Corp. ("American Latex") is a corporation organized under the laws of the State of California and having a principal place of business at 9600 Lurline Avenue, Chatsworth, California, in the County of Los Angeles.

2. On information and belief, Defendant California Exotic Novelties, LLC ("CEN") is a limited liability company organized under the laws of the State of California and having a principal place of business at 1455 E. Francis Street, Ontario, California in the County of San Bernardino.

3. Defendant CalExotics ("CalEx") is a business entity whose form is currently unknown. On information and belief, CalEx is related to CEN and it has a principal place of business at 1455 E. Francis Street, Ontario, California in the County of San Bernardino.

4. The true names and capacities of the Defendants named in this Complaint as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated in this Complaint as a DOE is legally responsible for the events and happenings alleged below and legally proximately caused injury and damages to Plaintiff as alleged. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained. From this point forward, CEN, CalEx and DOES 1 through 10 are collectively referred to as "Defendants."

5.   Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

6.   Plaintiff is informed and believes, and on that basis alleges, that CEN, CalEx and DOES 1-5 have acted in concert and participation with each other concerning the claims in this Complaint.

7.   Plaintiff is informed and believes, and on that basis alleges, that CEN, CalEx and DOES 1-5 were empowered to act as the agents, servants and/or employees of each other, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the others.

8.   Plaintiff is informed and believes, and on that basis alleges, that DOES 6-10 are customers of CEN or CalEx.

## JURISDICTION AND VENUE

9.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States and pursuant to 28 U.S.C. § 1338(a) in that it arises under the United States patent laws.

10.  Venue is proper in this judicial district under 28 U.S.C. § 1400(b) in that (i) the Defendants reside here, and (ii) they have committed acts of infringement and have regular and established places of business here.

## THE PATENT-IN-SUIT

11.  United States Patent No. 8,747,337 (the "'337 Patent,"), entitled "Interactive Massaging Device", was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") to Wing Pow International Corp. ("Wing Pow")

on June 10, 2014. A true and correct copy of the '337 Patent is attached as Exhibit "A".

12. On August 4, 2017, Wing Pow assigned to American Latex its entire right, title and interest in and to the '337 Patent, including the right to sue and collect damages for past infringements. The assignment was recorded in the USPTO on or about August 18, 2017. Thus, American Latex is currently the exclusive owner of all rights in and to the '337 Patent.

## THE DEFENDANTS' ACTIONS

13. The Defendants manufacture, sell and distribute a variety of adult toys and novelties. They promote themselves as the world's leading source of pleasure products and state that they "[serve] the needs of intimate products retailers worldwide through [a] network of manufacturing and distribution facilities." The Defendants' products are sold under several different brands, including "LUXE."

14. In or about the mid- 2016, Wing Pow learned that the Defendants were manufacturing and distributing a product called the "LUXE touch-sensitive vibrator" (the "LUXE Vibrator").

15. Because it appeared to Wing Pow that the LUXE Vibrator infringed Wing Pow's rights under one or more of its United States patents, including the '337 Patent, Wing Pow wrote to the Defendants on or about August 1, 2016 and notified them, among other things, that it was the owner of the '337 Patent and that the LUXE Vibrator may infringe that patent. A true and correct copy of Wing Pow's letter of August 1, 2016 is attached as Exhibit "B".

16. On August 16, 2016, the Defendants wrote to Wing Pow and, among other things, asked Wing Pow to provide them with "a claims chart showing the specific correspondence between the various elements of each allegedly infringed claim of [any of Wing Pow's] patents and the allegedly corresponding features" of

the LUXE Vibrator. A true and correct copy of the Defendants' letter of August 16, 2016 is attached as Exhibit "C."

17. On March 27, 2017, Wing Pow wrote to the Defendants and provided them with a claim chart and various exhibits detailing how the LUXE Vibrator infringed each element of claims 1-15, 17 and 18 of the '337 Patent. In its March 27 letter, Wing Pow also requested that the Defendants address Wing Pow's infringement contentions within 10 days and further advised that, if they failed to do so, Wing Pow would take "all appropriate legal steps to protect [its] rights." A true and correct copy of Wing Pow's letter of March 27, 2017, excluding the claim chart and the other documents that accompanied it, is attached as Exhibit "D". However, a claim chart regarding the LUXE Vibrator's infringement of claims 1-15, 17 and 18 of the '337 Patent is attached as Exhibit "E".

18. The Defendants never responded in any manner to Wing Pow's March 27, 2017 letter.

## FIRST CAUSE OF ACTION

**(Against All Defendants for Patent Infringement, 35 U.S.C. § 281)**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 18, above, of this Complaint as though fully set forth herein.

20. Defendants have, without authorization, imported, made, used, offered for sale and sold devices that infringe claims 1-15, 17 and 18 of the '337 Patent.

21. As a consequence of the acts of infringement listed above, American Latex is entitled to an award of damages adequate to compensate it for the infringement, together with interest and costs, pursuant to 35 U.S.C. § 284.

22. On information and belief, as a consequence of the acts of infringement listed above, the Defendants have made substantial profits to which they are not equitably entitled.

23. Plaintiff is entitled to recover from Defendants all damages they have sustained as a result of Defendants' infringement of the '337 Patent.

24. On information and belief, the Defendants' infringement of the '337 Patent will continue and will cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

25. On information and belief, this is an exceptional case as to Defendants under 35 U.S.C. § 285 because, at least since March 27, 2017, the Defendants' infringement has been undertaken with full knowledge of the '337 Patent and of their infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in its favor, including:

A. A preliminary and then a permanent injunction restraining all Defendants from further infringement of the specified claims of the '337 Patent.

B. An award in favor of Plaintiff holding Defendants jointly and severally liable for three times the damages sustained as a consequence of Defendants' infringement of the '337 Patent pursuant to 35 U.S.C. § 284;

C. For a finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and for award to Plaintiff of its attorneys' fees;

D. An award of interest and costs as fixed by the Court; and

E. Such other and further relief as this Court deems just and proper.

Dated: December 18, 2017      Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL


By: s/Douglas H. Morseburg
    Douglas H. Morseburg
    Robert A. Schroeder

Attorneys for Plaintiff American Latex Corp.

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues raised by the Complaint that are properly triable to a jury.

Dated: December 18, 2017

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL

By: s/Douglas H. Morseburg
Douglas H. Morseburg
Robert A. Schroeder

Attorneys for Plaintiff American Latex Corp.

6
**COMPLAINT AND REQUEST FOR JURY TRIAL**